Dr. Peter BOATENG, Plaintiff,

v.

INTERAMERICAN UNIVERSITY, Dr. Jose R. Gonzalez, individually and in his official capacity as President of Interamerican University; Agnes Mojica, individually and in her official capacity as Chancellor of Interamerican University–San Germán campus; Zulma Quiñones, individually and in her official capacity as Dean of Division of Professional Programs of Interamerican University–San Germán campus; Juan Anibal Aponte, individually and in his official capacity

---

as Dean of Studies of Interamerican University–San Germán campus; Ramon Ayalacuervos, individually and in his official capacity as President of the Board of Trustees of the Interamerican University, Defendants.

No. CIV. 96–1060CCC.

United States District Court,
D. Puerto Rico.

Dec. 9, 1998.

William Nadal–Colón, Yauco, PR, for Plaintiff.

Alberto G. Estrella, San Juan, PR, for Defendants.

### ORDER

CEREZO, Chief Judge.

This action, brought against the Interamerican University and several of its officials, alleges violations of Title VII 42 U.S.C. § 2000e based upon discrimination due to race and nationality, breach of contract, and other causes under Puerto Rico law.[1] Plaintiff Peter Boateng is a black man from Ghana who was employed by the university as a professor of accounting at its San Germán, Puerto Rico campus.

The case is now before us on the defendants Motion to Dismiss[2] (docket entry 80) based upon the fact that a parallel action filed in the courts of Puerto Rico, IPE–95–0122, *Dr. Peter Boateng v. Universidad Interamericana de Puerto Rico, et al.,* involving the same parties, issues and claims as this case, was adjudicated on the merits in defendants' favor. Plaintiff's Reply to Motion to Dismiss (docket entry 81) raises as its only point in opposition that the period for

---

1. Two partial judgments have already been entered: On October 28, 1996, we dismissed the second and fifth causes of action, which deal with defamation (docket entry 26). On September 2, 1997 we dismissed the complaint against all of the individual defendants (docket entry 59). We therefore omit any discussion on these issues.

2. Because the motion raising the defense of res judicata was not predicated exclusively on the pleadings, but, rather, the defendant has included a copy of the relative opinion and judgments, the motion is more properly before us as one for summary judgment. *See Bolker v. Super. Ct.; Sosa Int.* 82 P.R.R. 785, at 790 (1961).

appeal from the denial of his Motion for Reconsideration had not expired and, therefore, the judgment was not final, as the defendants claimed. On July 10, 1998, the defendants filed a Supplementary Motion to Dismiss (docket entry 87), informing the Court that the Circuit Court of Appeals, Fourth Regional Circuit, issued a Judgment dismissing the appeal for lack of jurisdiction since it was filed after the term to appeal had expired.

The only argument presented in plaintiff's half-page opposition to the supplementary motion (docket entry 88) is that "the truth is that the claims stated in this lawsuit are not precluded by the judgment entered in the state court action. The above captioned case deals about [sic] matters different from those of the state court case. (Title VII)".

The factual allegations of the complaint before us are as follows. Plaintiff was hired by the University in 1988. During his sixth year he was evaluated for tenure. On June 12, 1995 Boateng received a letter from the chancellor of the university stating that his tenure had been denied and a contract not contemplated by the rules of the institution entitled "extended probationary period" was going to be issued for one additional year. Plaintiff alleges that this decision by the officials of the university was based solely on his nationality, race, and color. After Boateng filed anti-discrimination charges, the university president allegedly issued a letter expressly requesting "rigorous evaluations" of plaintiff's work during the year. He further alleges that charges of plagiarism brought against him were also done in retaliation.

The causes of action set out in the complaint include unlawful employment practices in violation of Section 2000e–2(a), 3(a) and (b); violation of plaintiff's right to privacy under the Constitution of Puerto Rico and its anti-discrimination law(Law 100), a tort claim; a breach of contract claim, and a claim of defamation.

3. Section 3343, which we do not set down here in its entirety, includes the remaining requisites: In order that the presumption of the res adjudicata may be valid in another suit, it is necessary that, between the case decided by the

Federal Courts must honor the res judicata effects of state court judgments. *Felix Davis v. Vieques Air Link,* 892 F.2d 1122, 1124–1125 (1st Cir.1990); *Stitzer v. University of Puerto Rico,* 617 F.Supp. 1246 (D.C.Puerto Rico, 1985).

Res judicata, codified under Puerto Rico law in Article 1204 of the Civil Code, 31 LPRA 3343, requires the fulfillment of three criteria. In *Bolker v. Superior Court; Sosa, Int.,* 82 P.R.R. 785, the Supreme Court of Puerto Rico determined that the prior judgment must have been final, must have been rendered by a court with proper jurisdiction, and must have been on the merits.[3] *Id.* at 792, 798.

As stated above, the complaint alleges the discriminatory denial of tenure to the plaintiff on the basis of his nationality, race and color. Although no specific contract is identified anywhere in the record, we surmise that the contract claim arises from an employment contract between the parties.

The causes of action found in the Commonwealth court complaint contained in several conclusory paragraphs:

9. The decision to refuse Dr. Boateng's tenure is based exclusively on his nationality, race and color....

. . .

11. The actions of the officers of the IAU violated the regulatory provisions which govern this University....

. . .

13. The discriminatory actions of the defendants have forced Dr. Boateng to accept a probationary contract for the next year, in clear violation of the laws of Puerto Rico and the U.S.A. and the regulations of the IAU because, if he does not do so, the IAU has threatened to fire him, which would entail his having to leave the island.

As can be seen, the complaints arise from the same set of facts, and allege the same violations.

sentence and that in which the same is invoked, there be the most perfect identity between the things, causes and persons of the litigants, and their capacity as such.

The decision on which defendant bases its motion is contained in a document entitled Findings of Fact, Conclusions of Law and Judgment, which issued on March 27, 1998. The action was heard by a judge of the Court of First Instance-the Superior Court of Mayaguez. The Court heard oral testimony and received documentary evidence during the hearing on the merits, which lasted six days. Having evaluated the extensive amount of evidentiary items admitted, and having determined their credibility, the Court proceeded to make detailed findings of fact.[4] These were followed by a lengthy discussion of applicable law and jurisprudence, after which the Court made its ruling:

> Having evaluated all of the documentary and oral evidence, we conclude as a matter of law that the University fully complied with its contractual responsibilities towards Dr. Boateng. There is no evidence before us regarding arbitrariness, unlawfulness, unreasonableness by the University towards Sr. Boateng. As to the allegation regarding discrimination, we also conclude that the University did not discriminate against Dr. Boateng due to his race, color, or nationality.

Commonwealth court opinion, Section IV pp. 34–35 (certified translation). With regard to the breach of contract claim, the court noted that, "[n]o evidence was contributed of contractual violations between the plaintiff and the University." *Id.* at 37

The court proceeded to dismiss the case in its entirety, imposing costs and $1000 in attorney's fees against Boateng, pursuant to Puerto Rico Rule of Civil Procedure 44.1(d), for having incurred in temerity in filing and pursuing the litigation.

■ Federal courts ordinarily honor the res judicata effects of state court judgment. Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure:* Jurisdiction § 4469. The full faith and credit statute, 28 U.S.C. § 1738, is the major statutory source of this rule. Federal courts are bound by the statute to give the same full faith and credit to state judgements as would be given by the courts of the state from which they are taken. *Allen v. McCurry* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Therefore a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been litigated in that action. *Id.* at 94, 101 S.Ct. 411.

■ Having determined that the issues and allegations, between the same parties which are now before us, have already been adjudicated in the Commonwealth court, the Motion to Dismiss filed by Interamerican University is GRANTED.

SO ORDERED.

---

4. We note that in discussing Boateng's testimony at paragraph 20, of the opinion, the Court concludes with the statement, "It should be added that the evasive manner in which Dr. Boateng testified has left serious doubts as to the credibility that should be given to his testimony."